**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TRISTAN JENKINS,**

                                        **Plaintiff,**

          **vs.**                                              **9:16-CV-1491**
                                                               **(MAD/DJS)**

**PETE MEDERT,**

                                        **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**TRISTAN JENKINS**
12-A-2662
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff, *pro se*

**ALBANY COUNTY ATTORNEY'S**              **SIA Z. GOOGAS, ESQ.**
**OFFICE**
112 State Street
Albany, New York 12207
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

　　Plaintiff Tristan Jenkins commenced this action *pro se* on December 14, 2016, pursuant to

42 U.S.C. § 1983.  *See* Dkt. No. 1.  Plaintiff alleges that Defendant Pete Medert used excessive

force against him during his confinement at the Albany County Correctional Facility.  *See id*. at 4.

On February 14, 2018, Defendant filed a motion for summary judgment pursuant to Federal Rule

of Civil Procedure 56.  *See* Dkt. No. 43.  On July 2, 2018, Magistrate Judge Stewart issued a

Report-Recommendation and Order recommending that Defendant's motion be granted and that

Plaintiff's complaint be dismissed in its entirety. *See* Dkt. No. 60 at 13. For the following reasons, the Court adopts the Report-Recommendation and Order in its entirety.

## II. DISCUSSION[1]

### A. Legal Standard

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in

---

[1] For a complete statement of the underlying facts in this case, the Court refers the parties to Magistrate Judge Stewart's July 2, 2018 Report and Recommendation. *See* Dkt. No. 60.

the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted).  The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment."  *Id.* (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)).  Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment."  *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

**B.      Excessive Force**

Defendant argues that Plaintiff's excessive force claim should be dismissed because Defendant's actions were objectively reasonable, the force used was *de minimus*, and Plaintiff cannot establish that he sustained an actual injury. *See* Dkt. No. 43-1 at 5. Magistrate Judge Stewart recommended that Defendant's motion for summary judgment be granted. *See* Dkt. No. 60 at 9.

The law is unclear as to whether or not an alleged parole violator should be treated as a convicted prisoner or a pretrial detainee. *See Hill v. County of Montgomery*, No. 9:14-CV-00933, 2018 WL 2417839 at *2 (N.D.N.Y. May 29, 2018). The Court need not decide this issue because in either instance Plaintiff's claims must fail. *See* Dkt. No. 60 at 6-7. Defendant analyzed Plaintiff's excessive force claim assuming that Plaintiff would be considered a pretrial detainee, and so will the Court. *See* Dkt. No. 43-23 at 8-9. "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The analysis of "objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Courts may consider

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

Upon review of the video recording of the event in question, the Court finds that Magistrate Judge Stewart correctly found that the use of force at issue was objectively

reasonable.[2]  *See* Dkt. No. 60 at 10.  At the time of the incident, Plaintiff was classified as a security risk due to attempts to flee from police officers and had been told multiple times by Defendant to slow down while he was being escorted to the visitation area.  *See* Dkt. No. 43-16 at 1; Dkt. No. 43-8 at 6-7.  Defendant decided that the use of force was necessary to prevent Plaintiff from walking too far ahead.  *See* Dkt. No. 43-8 at 7.  Defendant grabbed the collar of Plaintiff's uniform and held on to it.  *See id.*; Dkt. No. 46 at 12:30:15-12:30:22.  At no point did Plaintiff fall to the ground.  *See id.* at 12:30:15-12:30:28.  Defendant did not kick, strike, shove, or otherwise make any contact with Plaintiff.  *See id.*

Additionally, in examining "the extent of plaintiff's injury," the Court finds that Plaintiff is unable to establish that he suffered a significant injury as a result of the event.  *See Kingsley*, 135 S. Ct. at 2473.  Plaintiff alleges that he suffers from neck and lower back pain as a result of the incident, however, he fails to offer any evidence that would support his assertion.  *See* Dkt. No. 47 at 13.

In his objections to the Report-Recommendation and Order, Plaintiff, in an entirely conclusory fashion, takes issue with Magistrate Judge Stewart's recitation of the relevant facts and their application to the law.  *See* Dkt. No. 63.  The undisputed facts before the Court, however, clearly establish that Defendant is entitled to summary judgment as to Plaintiff's excessive force claim.

After an examination of the facts in light of the *Kingsley* factors, the Court finds that the use of force in this case was objectively reasonable.  Therefore, Magistrate Judge Stewart correctly found that Plaintiff's excessive force claim should be dismissed.  *See* Dkt. No. 60 at 10.

---

[2] In his Report-Recommendation and Order, Magistrate Judge Stewart discussed the contents of the video in great detail.  *See* Dkt. No. 60 at 8.

**C.      Qualified Immunity**

Alternatively, the Court finds that Defendant is entitled to qualified immunity. "Qualified immunity is an affirmative defense that shields government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Stephenson v. Doe*, 332 F.3d 68, 76 (2d Cir. 2003). "The relevant inquiry 'is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id*. at 77. Magistrate Judge Stewart correctly found that no reasonable corrections officer would believe that holding an inmate by the collar for three-to-five seconds would be unlawful. *See* Dkt. No. 60 at 12.

**D.      State Law Claims**

Plaintiff also asserts claims of negligence and intentional infliction of emotional distress under New York state law. *See* Dkt. No. 1 at 5. "[I]n a federal court, state notice-of-claims statutes apply to *state*-law claims." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). "Under New York law, a notice of claim is a condition precedent to bringing personal injury actions against municipal corporations." *Id*. "The notice of claim must set forth, *inter alia*, the nature of the claim, and must be filed within ninety days of when the claim arises." *Id*. "Notice of claim requirements 'are construed strictly.'" *Id*. (citations omitted). "Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Id*. at 794. Plaintiff concedes that he did not file a notice of claim. *See* Dkt. No. 43-19 at 37. Because Plaintiff failed to file a notice of claim, Magistrate Judge Stewart correctly found that Plaintiff's state law claims must be dismissed. *See* Dkt. No. 60 at 12-13.

### III. CONCLUSION

After careful consideration of Magistrate Judge Stewart's Report-Recommendation and Order and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 60) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 43) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 11, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge