**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**TRISTAN JENKINS,**

                              **Plaintiff,**

    vs.                                      **9:16-CV-1491
(MAD/DJS)**

**PETE MEDERT,**

                              **Defendant.**

---

**APPEARANCES:**                           **OF COUNSEL:**

**TRISTAN JENKINS**
12-A-2662
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff, *pro se*

**ALBANY COUNTY ATTORNEY'S**       **SIA Z. GOOGAS, ESQ.**
**OFFICE**
112 State Street
Albany, New York 12207
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff Tristan Jenkins commenced this action *pro se* on December 14, 2016, pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Plaintiff alleges that Defendant Pete Medert used excessive force against him during his confinement at the Albany County Correctional Facility. *See id*. at 4. On February 14, 2018, Defendant filed a motion for summary judgment. *See* Dkt. No. 43. On July 2, 2018, Magistrate Judge Stewart issued a Report-Recommendation and Order recommending that Defendant's motion be granted and that Plaintiff's complaint be dismissed in its entirety. *See* Dkt. No. 60 at 13. On September 11, 2018, the Court adopted Magistrate Judge

Stewart's recommendation, granted Defendant's motion, entered judgment in Defendant's favor and closed this case. *See* Dkt. Nos. 64 & 65.

On October 5, 2018, the Court received a submission from Plaintiff that it has construed as a motion for reconsideration. *See* Dkt. No. 66. In his motion, Plaintiff contends that the Court erred in dismissing this case because Defendant acted in violation of New York Correction Law § 137. *See id.* at 1. As set forth below, Plaintiff's motion is denied.

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990); *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)). The burden of proof in a Rule 60(b) motion falls on the party challenging the earlier judgment. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)).

The purpose of reconsideration is not for "'advanc[ing] new facts, issues or arguments not previously presented to the Court.'" *In re Gildan Activewear, Inc.*, No. 08 Civ. 5048, 2009 WL 4544287, *2 (S.D.N.Y. Dec. 4, 2009) (citing *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (citation omitted)). Additionally, a motion for reconsideration should not be granted if the moving party "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Lichtenberg v. Besicorp Grp., Inc.*, 28 Fed. Appx. 73, 75 (2d Cir. 2002) (stating that "[a] motion for reconsideration is not an opportunity for

the moving party 'to argue those issues already considered when a party does not like the way the original motion was resolved'") (quotation omitted).

"In this district, there are only three circumstances under which a court will grant a motion for reconsideration: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice.'" *Shaughnessy v. Garrett*, No. 5:06-CV-103, 2011 WL 1213167, *1 (N.D.N.Y. Mar. 31, 2011) (citing *Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508, 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006) (citation omitted)).

In the present matter, the Court finds that Plaintiff has failed to present any valid ground warranting reconsideration. As the Court previously held, considering the various factors relevant to the reasonableness of the force used, the undisputed facts demonstrate that the use of force at issue here was objectively reasonable. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The event underlying this litigation involved a single use of force, grabbing Plaintiff for, at most, a few seconds, and it was done in the context of an inmate's failure to comply with staff directions, did not require any immediate medical attention, and did not result in any injury to Plaintiff. Such a use of *de minimis* force, when dealing with a non-compliant inmate, is patently insufficient to support a constitutional excessive force claim. *See* Dkt. No. 60 at 11 (citing cases).

As to Plaintiff's state law claim, the Court properly found that Plaintiff failed to comply with New York's notice of claim requirements. *See* N.Y. Gen. Mun. Law § 50-e. As such, those claims were properly dismissed. Alternatively, Plaintiff's state law intentional infliction of emotional distress and negligence claims were also subject to dismissal because they were

3

premised on the same conduct underlying Plaintiff's excessive force claim. *See* Dkt. No. 60 at 13 (citing cases).

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 24, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge